IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE LUIS ORTIZ, | : CIVIL ACTION NO. 1:20-CV-1837 |
| Plaintiff, | : (Judge Conner) |
| v. | : |
| TINA LITZ, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which plaintiff Jose Luis Ortiz, a former inmate in the Lebanon County Prison, alleges various violations of his constitutional rights during his incarceration in the prison arising from the denial of showers, the confiscation of clothing, personal items, and bedding, and the use of pepper spray. Defendants have moved to dismiss the complaint. The motion will be granted.

**I.    Factual Background & Procedural History**

Ortiz initiated this case through the filing of a complaint on October 8, 2020. (Doc. 1). In the complaint, Ortiz alleges that between August 21, 2020 and September 13, 2020, he was only allowed to take five showers, each of which lasted only five minutes. (Id. at 7). Towards the end of this period, from September 3, 2020 to September 11, 2020, Ortiz allegedly was not allowed to take any showers for an eight-day period. (Id.)

Ortiz alleges that between August 22, 2020 and September 13, 2020, he was not able to contact his family because all of his pens, papers, and envelopes were

confiscated, and he was not allowed to make phone calls. (Id.) On multiple occasions during this period, prison officials allegedly confiscated Ortiz's personal property, including his blanket and sheets, "for more than 72 hours at a time." (Id.) Ortiz was allegedly forced to sleep on a metal bed frame with only boxers on. (Id.)

Ortiz alleges that on September 8, 2020, he was pepper sprayed by a correctional officer and was not given any medical attention. (Id. at 8). Ortiz alleges that he was not permitted to shower for three days after being pepper sprayed. (Id. at 18). He additionally alleges that from August 22, 2020 to September 17, 2020, his legal materials were confiscated, which hindered his ability to litigate three unspecified cases. (Id. at 10).

Sometime during his confinement, Ortiz was purportedly placed in disciplinary confinement. He allegedly was not given recreation time while in disciplinary confinement. (Id. at 14.) Additionally, when he was returned from disciplinary confinement to the prison's general population, Ortiz was allegedly made to walk to his cell while "inmates were throwing feces and urine on the block creating unsanitary conditions." (Id. at 19).

Ortiz alleges that prison officials' actions violated various provisions of Pennsylvania's administrative code, including 37 Pa. Code § 95.229, 37 Pa. Code § 95.231, 37 Pa. Code § 95.236, 37 Pa. Code § 95.238, 37 Pa. Code § 95.240, 37 Pa. Code § 95.241, and 37 Pa. Code § 95.248. (Doc. 1 at 11-19). He additionally asserts that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. (Id. at 20).

Ortiz names as defendants Tina Litz, the prison's deputy warden for treatment; Michael L. Ott, the prison's deputy warden for security; and Robert Karnes, the prison's warden. (Id. at 2). He seeks money damages or release from prison as relief for his claims. (Id. at 3). He also requests that defendants be terminated from their positions in the prison. (Id.)

Defendants moved to dismiss the complaint on March 11, 2021, arguing that dismissal is appropriate because Ortiz fails to allege defendants' personal involvement in the alleged violation of his civil rights. Defendants additionally argue that the complaint should be dismissed to the extent that it alleges violations of Pennsylvania's administrative code, because such claims are not cognizable in civil rights claims under 42 U.S.C. § 1983.

Ortiz filed a letter brief opposing the motion on April 8, 2021. Ortiz argues that he has sufficiently alleged personal involvement because he alleges that the defendants are administration officials for the Lebanon County Prison and all of the individuals who committed the alleged civil rights violations were their subordinates. Defendants filed a reply brief on April 9, 2021, in which they argue that such allegations are insufficient because personal involvement in a § 1983 action must be based on more than a theory of *respondeat superior*. Ortiz then filed a sur reply on April 20, 2021, in which he again argues that he adequately alleges

personal involvement by alleging that the individuals who violated his rights were acting as the defendants' subordinates.[1]

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a

---

[1] Ortiz did not obtain leave of the court before filing his sur reply as required by the Local Rules of this district.  See M.D. Pa. L.R. 7.7.  The court will nonetheless consider the arguments raised in the brief in order to give Ortiz's claims a liberal construction.  The court cautions Ortiz that any future sur replies that are filed in this case without prior leave of the court will not be considered by the court.

claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Ortiz brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

5

Defendants' motion to dismiss argues that dismissal is appropriate because the complaint does not allege that defendants were personally involved in any violation of Ortiz's civil rights. (Doc. 23 at 3-5).

We agree. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id. Ortiz's complaint does not make any allegations as to how defendants were personally involved in the alleged violations of his rights. Rather, the claims against defendants appear to be based entirely on their role as supervisory officials in the prison, which is insufficient to allege personal involvement. See id. We will dismiss Ortiz's civil rights claims on that basis.

We will, however, grant Ortiz leave to amend his complaint. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Leave to amend is appropriate here because Ortiz's claims are factually, rather than legally, deficient.

Finally, to the extent that Ortiz's complaint raises independent claims for violation of various Pennsylvania regulations, we will decline to consider those

6

claims at this time pending the amendment of Ortiz's federal civil rights claims. If Ortiz's federal claims are ultimately dismissed from this case, we will decline to exercise jurisdiction over his state law claims. See 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

We will grant defendants' motion to dismiss, dismiss Ortiz's complaint without prejudice, and grant Ortiz leave to file an amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   November 16, 2021